UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff<br><br>v.<br><br>STRUCTURE BUILDERS, LLC<br>            Defendant | No. 1:22-cv-00705 |

**BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

I. **FACTS**

The amounts requested in this case stem from a February 12, 2016 Occupational Safety and Health Administration inspection of Defendant's work-site resulting in a $32,000.00 civil penalty assessed against Defendant. This penalty was affirmed by Administrative Law Judge for the Occupational Safety and Health Review Commission in March 2017. A copy of the administrative Order of Default and Dismissal is attached hereto as Exhibit C. Defendant has failed to pay the civil penalty, causing the requested amounts to accrue as listed in Plaintiff's Complaint and attached Certificate of Indebtedness.

Plaintiff filed its Complaint on or about May 12, 2022. Defendant was served on June 16, 2022. Default was entered as to Defendant on July 19, 2022. To-date, no answer or response pleading has been filed by Defendant, so Plaintiff now files the instant Motion for Default Judgment.

II. **AS A MATTER OF LAW, PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT IN ITS FAVOR**

Rule 55(b)(3) of the Federal Rule of Civil Procedure authorizes this Court to enter a judgment by default against a properly served defendant who fails to file a timely responsive

pleading. <u>Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3rd Cir. 1990).  The three factors that control whether a default judgment should be granted are: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3rd Cir. 2000).  When a defendant fails to appear or respond to the complaint, entry of a default judgment is appropriate in such circumstances at least until the defendant comes forwards with a motion to set aside the default judgment pursuant to Rule 55(c). <u>Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.</u>, <u>supra</u>.

  In the instant action, Plaintiff would be prejudiced by the denial of default judgment because the Defendant's ongoing failure to pay the OSHA fines and penalties enforced against it.  The Defendant has not participated in the litigation process in this case, and therefore has not raised any defenses to this action.  Rather, it appears the Defendant has no interest in defending this legal action, nor can the Court determine as a result of the Defendant's lack of a response whether the default is due to any culpable conduct.  Therefore, entry of a default judgment is appropriate in this case. United States v. Walsh, 2012 WL 113689 (M.D.Pa.).

  Further, in the instant action, the Administrative Law Judge for the Occupational Safety and Health Review Commission has affirmed the issued civil penalty and found Defendant to be in default as of March 2017.  Since that time, Defendant has not paid the amounts owed, and Defendant has not filed any answers or affirmative pleadings.

## III. <u>CONCLUSION</u>

  For all the above reasons, Plaintiff respectfully submits that there is no genuine issue of material fact and that pursuant to Federal Rule of Civil Procedure 55 (b), the United States is entitled to entry of judgment in its favor as a matter of law.  Plaintiff therefore submits that

Judgment be entered in its favor and that its proposed order be entered.

                                          Respectfully submitted,

                                          KML Law Group, P.C.

                                          By: /s/Rebecca A. Solarz, Esq.
                                          Rebecca A. Solarz, Esquire
                                          Pennsylvania Attorney I.D. No. 315936
                                          701 Market Street, Suite 5000
                                          Philadelphia, PA  19106-1532
                                          Phone:  215-825-6327
                                          RSolarz@kmllawgroup.com