**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-00705** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **STRUCTURE BUILDERS, LLC,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Before the Court is Plaintiff United States of America ("Plaintiff")'s motion for default

judgment against Defendant Structure Builders, LLC ("Defendant").  (Doc. No. 9.)  Because

Defendant has yet to appear or defend in this action, no opposition to the motion has been filed.

For the reasons that follow, the Court will grant the motion and enter default judgment in favor

of Plaintiff and against Defendant.

## I.      BACKGROUND

Plaintiff, on behalf of its agency, the United States Department of the Treasury,

commenced this action on May 12, 2022, by filing a complaint against Defendant.  (Doc. No. 1.)

The Civil Cover Sheet lists the nature of the suit as a "Recovery of Overpayment & Enforcement

of Judgment."  (Doc. No. 1-1 at 1.)  The complaint alleges that Defendant is "is indebted to the

[P]laintiff in principal amount of $32,000.00, plus interest in the amount of $1,232.22, plus

penalty in the amount of $7,233.32, plus administration fees in the amount of $20.00, plus

Treasury and DOJ fees in the amount of $14,608.18, for a total of $55,093.72."  (Doc. No. 1 at

1.)  In support of its claim, Plaintiff filed a Certificate of Indebtedness ("Certificate") on behalf

of the United States Department of Labor Occupational Safety and Health Administration

("OSHA").  (Doc. No. 1-2 at 1.)  The Certificate notes that the "claim arose in connection with

debtor's [Defendant's] May 2017 failure to repay a $32,000 civil penalty, stemming from four

employee and public safety violations of the Occupational Safety and Health Act of 1970 (29

U.S.C. 651 et seq.) and OSHA regulations at 29 C.F.R. 1926, as noted during a February 12,

2016 OSHA inspection of debtor's 40 Station Stone Lane, Lititz, Pennsylvania work-site." (Id.)

A review of the docket reveals that service of the complaint upon Defendant was

effectuated as follows: Defendant was served on June 16, 2022 (Doc. No. 4.), establishing a

deadline for him to file an answer to the complaint by July 7, 2022.   Defendant, however, has

not appeared, answered, moved, or otherwise responded to Plaintiff's complaint.  On July 19,

2022, Plaintiff filed a request with the Clerk of Court for entry of default pursuant to Rule 55(a)

of the Federal Rules of Civil Procedure, which was granted the same day.  (Doc. Nos. 5-6.)

After the entry of default, Plaintiff filed a Motion for Default Judgment pursuant to Rule 55(b) of

the Federal Rules of Civil Procedure.  (Doc. No. 7.)  Because the motion was not accompanied

by a brief within fourteen days of the motion, the Court deemed it withdrawn under Local Rule

7.5. (Doc. No. 8.)  Plaintiff filed the instant motion for Default Judgment (Doc. No. 9) and

accompanying brief (Doc. No. 10) on August 3, 2022.  Plaintiff also filed an Exhibit (Doc. No.

11) in support of its motion on September 9, 2022.  Plaintiff's motion requests the $55,093.72

demanded in the complaint "plus interest on the unpaid principal at the rate of 1% per annum,

$0.88 per day, from March 2, 2021 to the date of entry of default in the amount of $444.40 for a

total of $55,538.12."  (Id. at 2.)  Plaintiff further seeks "interest [on the judgment] at the current

legal rate, compounded annually until paid in full."  See (Doc. No. 9 at 2).  As Defendant has not

responded to the pending motion for default judgment, the Court deems Plaintiff's motion for

default judgment unopposed.  Accordingly, the motion is ripe for disposition.

## II.     LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the

Federal Rules of Civil Procedure.  An entry of default by the Clerk of Court under Rule 55(a) is a

prerequisite to a later entry of a default judgment under Rule 55(b).  See 10A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that,

"[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must

be an entry of default as provided by Rule 55(a)").  Once the Clerk of Court has entered a

default, the party seeking the default may then move the court to enter a default judgment under

Rule 55(b)(2).  Entry of default does not entitle a claimant to default judgment as a matter of

right.  10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed.

2010).  Indeed, it is well settled that decisions relating to the entry of default judgments are

committed to the sound discretion of the district court.  See Emcasco Ins. Co. v. Sambrick, 834

F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether

default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff

if default is denied, (2) whether the defendant appears to have a litigable defense, and (3)

whether defendant's delay is due to culpable conduct."  See Chamberlain v. Giampapa, 210 F.3d

154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195

(3d Cir. 1984)).  Even so, a court may "enter a default judgment based solely on the fact that the

default occurred" without considering the Chamberlain factors if the defendant has been properly

served but fails to appear, plead, or defend an action. See Anchorage Assocs. v. Virgin Islands

Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry."

Martin v. Nat'l Check Recovery Servs., LLC, No. 1:12-cv-01230, 2016 WL 3670849, at *1

(M.D. Pa. July 11, 2016).  Prior to entering a default judgment, the Court must also determine

whether the "unchallenged facts constitute a legitimate cause of action."  See Wright et al.,

supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp.

2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must . .

. ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in

default does not admit mere conclusions of law'" (citations omitted)).  In conducting this inquiry,

"the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as

though they were established by proof."  See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.,

652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted).  While the Court must accept as true

the well-pleaded factual allegations of the complaint, the Court need not accept the moving

party's factual allegations or legal conclusions relating to the amount of damages.  See Comdyne

I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.    DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion for default judgment,

supporting brief and exhibits, the Court finds that entry of default judgment against Defendant

and in favor of Plaintiff is appropriate.  As an initial matter, the Court observes that Plaintiff's

unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for the

enforcement of a civil penalty assessed against Defendant because the allegations indicate that

Plaintiff seeks to collect civil penalties stemming from OSHA violations which Defendant has

failed to pay.  See Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n, 430 U.S.

442, 447 (1977) (holding that "[i]f [an] employer fails to pay" an OSHA penalty, "the Secretary

[of Labor] may commence a collection action in a federal district court in which neither the fact of the violation nor the propriety of the penalty assessed may be retried").  Additionally, Plaintiff has offered support for its claim for a sum certain of $55,093.72 in the Certificate accompanying the complaint.  (Doc. No. 1-2 at 1); see United States v. Sourbeer, No. 1:16-cv-01161, 2016 WL 5373641, at *2 (M.D. Pa. Sept. 26, 2016) (noting "[t]here are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees," and concluding that the "amount is a sum certain, as no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default") (internal quotation marks omitted).

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendant.  First, Plaintiff will be prejudiced if the Court declines to enter default judgment, as Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendant.  See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-cv-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (finding that the "[p]laintiffs will be prejudiced . . . by their current inability to proceed with their action due to Defendants' failure to defend").  Second, Defendant has not asserted any meritorious defenses to Plaintiff's claims through the filing of an answer or other responsive pleading to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that it has a viable, litigable defense.  See Laborers Loc. Union 158 v. Fred Shaffer Concrete, No.10-cv-01524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011).  Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from its own culpability.  Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for its failure to do so.  "A defendant's default, or its decision not to defend

against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10-cv-04487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Loc. Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

Next, the Court considers Plaintiff's two requests for interest. First, Plaintiff seeks $444.00 dollars in interest on Defendant's initial $32,000 penalty. See (Doc. No. 9). Plaintiff's $444.00 figure is calculated at a rate of 1%,[1] $0.88 a day, from March 2, 2021,[2] to July 19, 2022, when the Clerk of Court entered default. See (Doc. Nos. 6 at 1, 9 at 2). The Court notes that the $32,000 on which Plaintiff seeks interest is a civil penalty per the Certificate filed on behalf of OSHA. See (Doc. 1-2 at 1). Although prejudgment interest was unavailable on penalties at common law, see generally Reich v. Sea Sprite Boat Co., 64 F.3d 332, 333 (7th Cir. 1995), that rule "developed in the context of penalties awarded by district court judgments, and is not applicable to the context of penalties determined to be owing by final agency orders." See Bd. of Governors of Fed. Rsrv. Sys. v. Pharaon, 169 F.3d 110, 114 (2d Cir. 1999) (emphasis added). OSHA penalties, when not

---

[1] As noted in 31 U.S.C. § 3717, "[t]he head of an . . . agency shall charge a minimum annual rate of interest on an outstanding debt on a United States Government claim owed by a person" that equals "the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year[.]" The current rate in effect is 1%. See Current Value of Funds Rate, Dep't of the Treasury, Bureau of the Fiscal Service (Sep. 19, 2022), https://www.fiscal.treasury.gov/reports-statements/cvfr/.

[2] March 2, 2021 is the date on which OSHA issued the Certificate. See (Doc. No. at 1).

timely contested, are final orders.  See Atlas Roofing Co., 430 U.S. at 446-47 (holding that "the payment of any assessed penalty" under OSHA "becomes final unless the employer timely petitions for judicial review in the appropriate court of appeals," and that when the employer does not timely petition for review and also "fails to pay" an OSHA penalty, "the Secretary [of Labor] may commence a collection action in a federal district court in which neither the fact of the violation nor the propriety of the penalty assessed may be retried"); Culver v. U.S. Dep't of Lab. Occupational Safety & Health Admin., 248 F. App'x 403, 406 (3d Cir. 2007) (unpublished) (explaining that OSHA "gives an employer limited time to contest a citation" and that "if no contest is brought within that period, the citation is 'deemed a final order . . . not subject to review by any court or agency'" under 29 U.S.C. § 659(a)).  Here, the record establishes that Defendant not only failed to contest the OSHA penalties, but that it defaulted even at the administrative proceeding when the penalties were assessed.  See (Doc. No. 11).  Accordingly, the agency order imposing these penalties became a final order subject to post-judgment interest.  See, e.g., Sea Sprite Boat Co., 64 F.3d at 333-35 (holding that interest on an OSHA penalty ran from the date the administrative decision became a final order).

Finally, regarding Plaintiff's second request for interest, which seeks "interest [on the judgment] at the current legal rate, compounded annually until paid in full," see (Doc. No. 9 at 2), 28 U.S.C. § 1961(a) instructs that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

See 28 U.S.C. § 1961(a).  Because interest on a district court civil judgment is mandatory if requested, Plaintiff is entitled to post-judgment interest accruing from the date of entry of default judgment at the rate designated under 28 U.S.C. § 1961(a).  See Tr. of the Pipefitters and

<u>Plumbers Local 524 Pension and Annuity Plan</u>, No. 3:15-cv-02085, 2016 WL 4479394, *4

(M.D. Pa. Aug. 25, 2016).

**IV.    CONCLUSION**

    Based on the foregoing, the Court will grant Plaintiff's motion for default judgment.

(Doc. No. 9.)  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-00705** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **STRUCTURE BUILDERS, LLC** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

**AND NOW**, on this 23rd day of September 2022, default having been entered against

Defendant Structure Builders, LLC (Doc. No. 6), and upon consideration of Plaintiff's Motion

for Default Judgment (Doc. No. 9) and supporting documents (Doc. Nos. 10-11), **IT IS**

**ORDERED THAT**:

1.  Plaintiff's Motion for Default Judgment (Doc. No. 9) is **GRANTED**;

2.  Judgment is entered in favor of Plaintiff United States of America and against Defendant Structure Builders, LLC in the amount of $55,538.12;

3.  Judgment is to accrue interest at the current legal rate and compounded annually until paid in full; and

4.  The Clerk of Court is directed to **CLOSE** this case.


s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania